UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MORRIS JACKSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:16CV212 HEA |
| DALE GLASS, | ) |  |
| Respondent. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1]. Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed his petition on the grounds that: (1) some of the information in the indictment is contrary to the "overwhelming evidence", (2) he believes his bond of $100,000 was too high on "unsubstantiated charges,"[2] (3) he has been held in jail too long, (4) he thinks his 4th Amendment

---

[1] Although petitioner filed his application for writ of habeas corpus on a form for filing habeas applications brought pursuant to 28 U.S.C. § 2254, this Court will construe petitioner's application as one brought pursuant to 28 U.S.C. § 2241. The Court's primary reason for doing so is as follows. Petitioner is a pretrial detainee, currently in the middle of his criminal trial proceedings in the City of St. Louis, 22nd Judicial Circuit. *See State v. Jackson*, Case No. 1522-CR02557-01 (22nd Judicial Circuit). His claims relate to speedy trial in his state court proceedings, and therefore arise under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (District Courts have jurisdiction over state speedy trial claims). Should this Court technically construe petitioner's pleadings as brought under § 2254, they would immediately be dismissed as premature, given that he cannot bring an action to invalidate a conviction or sentence that has not yet occurred. *See Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001) *citing* (*Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").
[2] Petitioner has been charged with one count of first degree domestic assault for allegedly having shot his domestic partner in the leg. Petitioner has also been charged with a felony charge of armed criminal action and two counts of unlawful possession of a firearm.

rights were violated during his arrest, (5) he has allegedly been denied his right to "speedy trial." The petition will be summarily dismissed based on the foregoing.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County,* 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was properly raised. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The Court has reviewed petitioner's trial proceedings on Missouri.Case.Net and found that his trial date is set for June 15, 2016. As he was indicted and had his bond set on August 7, 2015, the Court cannot say that his speedy trial rights are not being respected under the Sixth Amendment to the Constitution.[3] Nonetheless, the Court must remind petitioner that he has a responsibility to exhaust his state remedies regarding his speedy trial rights prior to bringing his claims to this Court. *See, e.g.,Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies

---

[3]The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. *See* Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus. Of course, the Missouri Speedy Trial Act must be distinguished from the Uniform Detainer Law, Mo.Rev.Stat. § 217.460, which permits incarcerated persons to demand a trial on a pending charge and require dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed.

has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), *cert. denied*, 446 U.S. 908 (1980); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986 (E.D. Wis. 1999) ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions' "), *quoting Blanck v. Waukesha County*, 48 F.Supp.2d 859, 860 (E.D.Wis.1999); *Tran v. Bartow*, 210 Fed.Appx. 538, 540 (7th Cir.2006) (unpublished opinion) ("[o]nly in 'special circumstances' will relief under § 2241 be available to a state prisoner before trial ... and even then only if the prisoner has exhausted available remedies in the state courts"); *Powell v. Saddler*, No. 12 C 2928 (N.D.Ill.2012), 2012 WL 3880198 at *3 ("to properly pursue a claim under § 2241 a [pretrial detainee] petitioner must have exhausted his state court remedies"). *See also Davis v. Mueller,* 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), *cert. denied,* 454 U.S. 892 (1981). Petitioner has not pleaded, and the Court has not found on Missouri.Case.Net, any indication that petitioner has exhausted his state court remedies with respect to his claims that he has been denied his speedy trial rights or been charged an excessive bond.

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial, that he has been subjected to excessive bail or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE